UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M. AS AN INDIVIDUAL,<br><br>        Plaintiff,<br><br>  v.<br><br>JOSEPH WHITE, et al.,<br><br>        Defendants. | 1:08-cv-1226 OWW GSA<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 1/20/10<br><br>Non-Dispositive Motion<br>Filing Deadline: 2/5/10<br><br>Dispositive Motion Filing<br>Deadline: 2/19/10<br><br>Settlement Conference Date:<br>1/27/10 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date:<br>4/26/10 11:00 Ctrm. 3<br><br>Trial Date: 7/13/10 9:00<br>Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

    January 8, 2009.

II.  Appearances Of Counsel.

    Salehi & Associates, P.C. by Amir S. Salehi, Esq., appeared on behalf of Plaintiff.

    Debbie J. Vorous, Esq., appeared on behalf of Defendants Central California Women's Facility and Patrick.

///

III.  Summary of Pleadings.

   1.   Plaintiff filed her operative complaint on July 9, 2008. She alleges that on numerous occasions between March and August 2006, Defendant Joseph White sexually molested, assaulted, and raped her. At that time, J.M. was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Central California Women's Facility (CCWF). Defendant Patrick is the Warden at CCWF. Defendant White was a Correctional Lieutenant at CCWF.

   2.   Patrick denies that her actions or omissions caused J.M. injuries and asserts the following defenses: (1) J.M.'s failure to state a cause of action under 42 U.S.C. § 1983; (2) qualified immunity; and (3) J.M.'s failure to state facts sufficient to constitute a cause of action for punitive damages. The complaint against CCWF is barred because it is not a "person" under 42 U.S.C. § 1983.

IV.  Orders Re Amendments To Pleadings.

   1.   Plaintiff is unsure whether service has been affected on Defendant White. The parties are attempting to resolve the case. In the event the case is not resolved, Plaintiff shall have an additional 60 days to effectuate service on White following the date that the rejection of any settlement offer is made.

V.   Factual Summary.

   A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   CCWF is a women's correctional facility located in Madera County, California, and is a public entity of the State of

2

1  California.

2     2.   Between March and August 2006, Defendant White was
3  employed at CCWF as a Correctional Lieutenant.

4     3.   During that time, Plaintiff J.M. was incarcerated
5  at CCWF as follows: March and April, May 1 through 23, and July 5
6  through August 31, 2006.

7     4.   Defendant Patrick was employed as CCWF's Warden
8  effective August 21, 2006.

9     5.   At all times alleged in the Complaint, Defendant
10 White was acting within the course and scope of his employment
11 for the California DOC and under color of state law.

12   B.   Contested Facts.

13     1.   J.M. considers the following facts contested: (1)
14 Joseph White sexually molested, assaulted and/or raped Plaintiff;
15 (2) the Warden and other Defendants knew or should have known of
16 Lieutenant White's conduct, however failed to take any action to
17 stop it.

18     2.   CCWF and Patrick consider the following facts
19 contested:  (1) the relationship between J.M. and White; (2)
20 Patrick's actions and/or omissions concerning CCWF's operation
21 and the health and safety of inmates housed at CCWF; and (3) the
22 type and amount of J.M.'s injuries and damages, if any.

23 VI.  Legal Issues.

24   A.   Uncontested.

25     1.   Jurisdiction exists under 42 U.S.C. § 1983 and 28
26 U.S.C. § 1331.

27     2.   Venue is proper under 28 U.S.C. § 1391.

28     3.   Defendants CCWF and Patrick reserve the right to

3

argue that no valid claim is presented under the Federal Civil Rights Act.

      4.   Plaintiff's claims against CCWF and Patrick and the governing statutes are: (1) deliberate indifference under 42 U.S.C. § 1983 in violation of the Eighth Amendment; (2) deprivation of substantive due process rights under 42 U.S.C. § 1983 in violation of the Fourteenth Amendment.

  B.   Contested.

      1.   CCWF and Patrick consider the following legal issues disputed: (1) Patrick's qualified immunity from suit under 42 U.S.C. § 1983; (2) Patrick's liability for damages under 42 U.S.C. § 1983 premised on alleged violations of the Eighth and Fourteenth Amendments; (3) CCWF's liability for damages given it is not a "person" under 42 U.S.C. § 1983; and (4) the remedies available to J.M. in this action.

VII. Consent to Magistrate Judge Jurisdiction.

   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

      1.   Counsel met and conferred as required by Federal Rule

4

1  of Civil Procedure 26(f).
2       2.   Initial disclosures under Rule 26(a) currently are due
3  within fourteen days after the Scheduling Conference on January
4  8, 2008.  Counsel agree that disclosure under Rule 26(a) should
5  occur thirty days after the conference.
6       3.   Counsel do not propose any changes in the form or
7  requirements for disclosures under Rule 26(a).
8       4.   Counsel do not propose any changes in the limitations
9  on discovery imposed under Federal Rules of Civil Procedure 30,
10 31, or 33.
11      5.   Counsel expect discovery may be needed on the following
12 subjects:
13           <u>As to J.M.</u>
14           a.   Sexual acts between J.M. and White.
15           b.   Relationship of White with other inmates.
16           c.   Supervision and review of White's performance by
17 superiors.
18           <u>As to CCWF/Patrick</u>
19           a.   Relationship between J.M. and White.
20           b.   J.M.'s criminal history.
21           c.   J.M.'s damages, if any.
22      6.   The parties are ordered to complete all non-expert
23 discovery on or before November 4, 2009.
24      7.   The parties are directed to disclose all expert
25 witnesses, in writing, on or before November 20, 2009.  Any
26 rebuttal or supplemental expert disclosures will be made on or
27 before December 21, 2009.  The parties will comply with the
28 provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

     8.   The parties are ordered to complete all discovery, including experts, on or before January 20, 2010.

     9.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

     1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before February 5, 2010, and heard on March 12, 2010, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

     2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

     3.   All Dispositive Pre-Trial Motions are to be filed no later than February 19, 2010, and will be heard on March 22, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In

scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   April 26, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.   July 13, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   5 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIV. Settlement Conference.**

    1. The parties are currently engaged in settlement discussions. A Settlement Conference is scheduled for January 27, 2010, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

    2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to

request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   As to the issue of punitive damages, the parties agree that the issue of the amount of punitive damages shall be tried in a second and separate phase before the same jury in a continuous trial.

XVI. Additional Defendants.

    1.   Defendants Joseph White and Scott Harris are additional defendants in this case.  Neither has been served and, if

1  Plaintiff intends to pursue the action against those individuals,
2  service shall be accomplished in accordance with the schedule set
3  forth, on or before sixty (60) days following the date of notice
4  of failure of settlement efforts.
5  XVII.     Compliance With Federal Procedure.
6       1.   The Court requires compliance with the Federal
7  Rules of Civil Procedure and the Local Rules of Practice for the
8  Eastern District of California.  To aid the court in the
9  efficient administration of this case, all counsel are directed
10 to familiarize themselves with the Federal Rules of Civil
11 Procedure and the Local Rules of Practice of the Eastern District
12 of California, and keep abreast of any amendments thereto.
13 XVIII.    Effect Of This Order.
14      1.   The foregoing order represents the best
15 estimate of the court and counsel as to the agenda most suitable
16 to bring this case to resolution.  The trial date reserved is
17 specifically reserved for this case.  If the parties determine at
18 any time that the schedule outlined in this order cannot be met,
19 counsel are ordered to notify the court immediately of that fact
20 so that adjustments may be made, either by stipulation or by
21 subsequent scheduling conference.
22      2.   Stipulations extending the deadlines contained
23 herein will not be considered unless they are accompanied by
24 affidavits or declarations, and where appropriate attached
25 exhibits, which establish good cause for granting the relief
26 requested.
27 ///
28 ///

3.  Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **January 8, 2009**                              **/s/ Oliver W. Wanger**
                                                        UNITED STATES DISTRICT JUDGE